DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALISHA L. PRICE,**
Appellant,

v.

**REZA TORKAMAN,**
Appellee.

No. 4D2023-1872

[April 24, 2024]

Appeal from the County Court for the Nineteenth Judicial Circuit, St. Lucie County; Edmond Alonzo, Judge; L.T. Case No. 2023CC002019.

Alisha L. Price, Fort Pierce, pro se.

No appearance for appellee.

PER CURIAM.

Tenant appeals the trial court's final judgment of eviction. After Tenant failed to make a required monthly payment, Landlord issued a notice invoking the provisions of section 83.56(3), Florida Statutes (2023), informing Tenant of the lease termination due to non-payment. The notice provided a three-day period for Tenant to settle the outstanding rent. After Tenant failed to settle the outstanding rent, Landlord filed a complaint seeking to evict Tenant.

Three days after service of the summons and complaint, Tenant composed a handwritten letter articulating her reasons for withholding rent. The following day, Tenant deposited the total rent amount and court fees into the court registry. One hour later, the court entered a final judgment of eviction and order to disburse the funds held in the court registry.

The controlling statute allows a tenant to assert defenses to an eviction action and, if defenses are asserted, requires the tenant to pay the amount of rent at issue into the registry of the court. § 83.60(2), Fla. Stat. (2023). In this case, Tenant timely filed the defenses and deposited the funds into the registry of the court. Yet the court entered final judgment without

affording Tenant an opportunity to present those defenses, and thus erred. On remand, the court must afford Tenant that opportunity.

*Reversed and remanded.*

LEVINE, KUNTZ and ARTAU, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***